UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DRUSILLA ANN LOCKHART

        Plaintiff,               CIVIL ACTION NO. 16-cv-12303

        v.                              DISTRICT JUDGE AVERN COHN

COMMISSIONER OF              MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Drusilla Ann Lockhart seeks judicial review of Defendant Commissioner of Social Security's determination that she is not entitled to social security benefits for her physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 12) and Defendant's Motion for Summary Judgment (docket no. 13). The motions have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 3.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

I.     RECOMMENDATION

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 12) be **DENIED** and Defendant's Motion for Summary Judgment (docket no. 13) be **GRANTED**.

## II. PROCEDURAL HISTORY

Plaintiff protectively filed applications for a period of disability, disability insurance benefits, and supplemental security income on January 23, 2012, alleging that she has been disabled since January 1, 2012, due to migraines, osteoarthritis, skin cancer, memory problems, depression, and anxiety. (TR 220-33, 256, 263-64.) The Social Security Administration initially denied Plaintiff's claims on June 5, 2012, and again upon reconsideration on August 8, 2012; Plaintiff then requested a *de novo* hearing. (TR 75-104, 131.) On May 3, 2013, Plaintiff appeared with a representative and testified at the hearing before Administrative Law Judge (ALJ) Paul W. Jones. (TR 44-74.) The ALJ subsequently issued an unfavorable decision on Plaintiff's claims on May 17, 2013. (TR 105-14.) The Appeals Council reviewed and vacated ALJ Jones's decision on the basis that he did not adequately analyze the opinions of Thomas T.L. Tsai, M.D. and Russell Holmes, M.D., and because the clarity of the decision was diminished by the alternative findings he provided for steps two and five of the sequential evaluation process. (TR 119-20.) The Appeals Council therefore remanded Plaintiff's case to an ALJ with instructions to obtain additional evidence concerning Plaintiff's affective disorder, chronic obstructive pulmonary disease (COPD), and facial cancer; to further evaluate Plaintiff's mental impairments; and to further evaluate Plaintiff's alleged impairments, in accordance with the Social Security Regulations. (TR 120.)

On remand, Plaintiff appeared with a representative and testified at a hearing before ALJ Jones on December 11, 2014. (TR 24-43.) ALJ Jones issued another unfavorable decision on January 16, 2015, and the Appeals Council declined to review the decision. (TR 1-6, 9-19.) Plaintiff then commenced this action for judicial review, and the parties filed cross motions for summary judgment, which are currently before the Court.

### III. HEARING TESTIMONY AND MEDICAL EVIDENCE

In her brief, Plaintiff sets forth a brief summary of the procedural and substantive facts of this matter, which includes some argument regarding the ALJ's consideration of Plaintiff's headaches. (Docket no. 12 at 3-5.) Defendant summarized Plaintiff's medical record and the hearing testimony in her brief (docket no. 13 at 8-19), and the ALJ did the same in his decision (TR 15-18). Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also make references and citations to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

### IV. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of January 1, 2012, and that Plaintiff had the following medically determinable impairments: affective disorder, mild COPD, and history of facial cancer. (TR 14.) Nevertheless, the ALJ found that Plaintiff did not have an impairment or combination of impairments that significantly limited (or was expected to significantly limit) her ability to perform basic work-related activities for twelve consecutive months, and, therefore, she did not have a severe impairment or combination of impairments. (TR 14-18.) Consequently, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from January 1, 2012, through the date of the decision. (TR 12, 18.)

## V. LAW AND ANALYSIS

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where

the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

**B.     Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)     Plaintiff was not presently engaged in substantial gainful employment; and

(2)     Plaintiff suffered from a severe impairment; and

(3)     the impairment met or was medically equal to a "listed impairment;" or

(4)     Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

C.  **Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

As an initial matter, Plaintiff contends that this matter should be reversed and remanded under sentence four because the ALJ "failed to address the issues stated in the Appeals Council Remand Order." (Docket no. 12 at 5.) But as Defendant points out, the extent to which the ALJ complied with the remand order of the Appeals Council is not reviewable by this Court under 42 U.S.C. § 405(g), as the remand order is not a final decision of the Commissioner. *See Peterson v. Comm'r of Soc. Sec.*, No. 09-11222, 2010 WL 420000, at *7 (E.D. Mich. Jan. 29, 2010) ("Since the district court does not review internal agency-level proceedings, it will not address whether the ALJ complied with the specific provisions of the Appeals Council's order of remand.") (citations and internal quotation marks omitted). Accordingly, Plaintiff's argument that the ALJ failed to follow the Appeals Council's remand order will not be considered.

As set forth above, the ALJ determined that Plaintiff's medically determinable impairments were not severe. (TR 14-18.) Because the ALJ concluded that Plaintiff did not have a severe impairment at step two of the sequential evaluation process, he did not proceed further with the disability analysis. Plaintiff argues that this conclusion is not supported by substantial evidence. (Docket no. 12 at 5-6.)

At step two of the sequential evaluation process, the ALJ must consider whether a claimant has a severe impairment and whether the impairment(s) meets the twelve month durational requirement in 20 C.F.R. § 404.1509. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 188 (6th Cir. 2009) ("At step two, if a claimant does not have a severe medically determinable physical or mental impairment . . . that meets the duration requirement in § 404.1509 . . ., or a combination of impairments that is severe and meets the duration requirement, then she is not disabled."). "To surmount the step two hurdle, the applicant bears the ultimate burden of establishing that the administrative record contains objective medical evidence suggesting that the applicant was 'disabled,' as defined by the Act . . . ." *Despins v. Comm'r of Soc. Sec.*, 257 F. App'x 923, 929 (6th Cir. 2007). A "severe" impairment is defined as "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). Basic work activities are defined in the regulations as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). Examples include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5)

responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in routine work settings. *Id.*

In the Sixth Circuit, step two of the sequential evaluation process is considered a "*de minimis* hurdle" designed to subject to dismissal only those claims that are "totally groundless" from a medical standpoint. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 n.2 (6th Cir. 2007) (quoting *Higgs v. Bowen*, 880 F.2d 860, 862-63 (6th Cir. 1988)). An impairment "can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Id.* As the Sixth Circuit has recognized, "this lenient interpretation of the severity requirement in part represents the courts' response to the Secretary's questionable practice in the early 1980s of using the step two regulation to deny meritorious claims without proper vocational analysis." *Long v. Apfel*, 1 F. App'x 326, 331 (6th Cir. 2001) (citation omitted). Nonetheless, not all impairments are severe: "The mere existence of . . . impairments . . . does not establish that [the claimant] was significantly limited from performing basic work activities for a continuous period of time." *Despins*, 257 F. App'x at 930 (citations omitted). "In considering whether a claimant has a severe impairment, an ALJ need not accept unsupported medical opinions or a claimant's subjective complaints." *Younan v. Comm'r of Soc. Sec.*, No. 11-cv-13881, 2012 WL 5439286, at *8 (E.D. Mich. Aug. 14, 2012) (citing *Weckbacher v. Comm'r of Soc. Sec.*, No. 2:11-cv-00659, 2012 WL 2809697, at *9 (S.D. Ohio July 10, 2012)), *report and recommendation adopted*, No. 11-13881, 2012 WL 5439280 (E.D. Mich. Nov. 7, 2012).

Here, in assessing the severity of Plaintiff's impairments, the ALJ considered the medical record in conjunction with Plaintiff's complaints, and he discussed in detail each of Plaintiff's medically-determinable and non-medically-determinable impairments. (TR 15-18.) For

example, the ALJ noted that Plaintiff went to the emergency room for a reported seizure in April 2013, but he found that there was nothing in the record to support the 12-month durational requirement for sustained seizure activity because the hospital records and the related EEG test results were not in evidence, Plaintiff was never prescribed any anti-seizure medications, and there were no further references to seizures in her medical records. (TR 15.) The ALJ also acknowledged Plaintiff's complaints of chronic back pain, but he determined that it did not constitute a medically determinable impairment because the record did not reveal any recorded neurological deficits; all of Plaintiff's musculoskeletal examinations were normal except for one positive Romberg test; the record contained no MRIs, x-rays, or other diagnostic reports regarding Plaintiff's alleged back pain; and "pain" is a legitimate "symptom," but it is not a "medical diagnosis" or "medically determinable impairment." (TR 15.) The ALJ then considered Plaintiff's history of facial cancer and credited Plaintiff's testimony that it did not interfere with her ability to work in finding that it was a non-severe impairment. (TR 16.) And in determining that Plaintiff's COPD was non-severe, the ALJ pointed out that Plaintiff had not alleged any affiliated respiratory deficits and that she testified that she had never been prescribed with inhalers or medications as a result of her COPD. (TR 17-18.)

The ALJ also discussed Plaintiff's complaints of depression, anxiety, and memory problems at length and concluded that her mental health history demonstrated only mild symptoms and a lack of counseling, emergency care, or other formal mental health treatment. (TR 16-17.) He also evaluated and rated as mild Plaintiff's limitations in activities of daily living, social functioning, and concentration, persistence, and pace. (TR 17.) Specifically, with regard to Plaintiff's activities of daily living, the ALJ commented that the activities described by Plaintiff are not limited to the extent that one would expect, given her complaints of disabling

symptoms and limitations. (TR 16-17.) The ALJ then determined that Plaintiff's medically determinable mental impairment was non-severe because it caused no more than mild limitations in the three functional areas, and she had no episodes of decompensation of extended duration. (TR 17.)

Finally, contrary to Plaintiff's assertions, the ALJ discussed Plaintiff's alleged migraine headaches:

> Claimant has also alleged daily migraine headaches (3E, 1F). However, the medical evidence in the record does not document chronic migraine headaches. Although treatment notes from Rose City Family Practice include complaints of migraines for which claimant was briefly prescribed Topamax, there is no mention of specific symptoms, severity, limitations, or frequency of these headaches. While claimant alleged occasional trips to the hospital for shots of Demerol to stop her migraines, the record does not contain supportive documentation (4F, 9F-11F). Based on the foregoing, I conclude that claimant's medically determinable migraine headaches would not cause more than minimal limitation in claimant's ability to perform basic mental and physical work activities.

(TR 16.)

Plaintiff argues that the medical records do in fact document her chronic migraines, in addition to her neck and back pain. (Docket no. 12 at 4.) She then cites to several of her treatment records from Rose City Family Practice, P.C., and she argues that each of those records include references to migraines, back pain, and administration of significant medications for those conditions. (*Id.* (citing TR 311, 351, 353-56, 361).) Indeed, each of the records cited by Plaintiff *refer* to migraines and/or back and neck pain; however, as the ALJ points out, the records do not provide any information regarding the symptoms, severity, limitations, or frequency of Plaintiff's migraines or her back and neck pain. (*See* TR 16.) It is well-settled that the mere existence of an impairment does not mean that the impairment is severe within the meaning of the second sequential step, and "[w]hen doctors' reports contain no information

regarding physical limitations or the intensity, frequency, and duration of pain associated with a condition, [the Sixth Circuit] has regularly found substantial evidence to support a finding of no severe impairment." *See Long*, 1 F. App'x at 331. Plaintiff's argument therefore fails in this regard.

Plaintiff also makes other arguments such as, (1) "[a]n IQ of 80 has been held to require a finding of 'severe;'" (2) the ALJ dismissed the opinion of the state-agency physician "without any discussion of the evidence of chronic back pain and migraine headaches for which the claimant has been treated for years;" (3) "[w]ithout examination, either by the ALJ or any consulting physician, the ALJ rejects the years of treatment and testimony of the claimant;" (4) "[n]ot a shred of evidence that the claimant has greater functional abilities is cited;" and (5) "[t]he ALJ has committed a legal error in failing to address the physical impairments whatsoever." (Docket no. 12 at 6.) These arguments, however, are either completely undeveloped, incorrect, and/or made without performing a thorough review of the ALJ's decision. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (citation and internal quotation marks omitted).

Morever, Plaintiff cites to no record evidence denoting that she has an IQ of 80, and the Court finds none. The Court is not obligated to scour the record to develop Plaintiff's argument regarding her IQ on her behalf, and it declines to do so. *See Bush v. Astrue*, No. 12-11790, 2013 WL 1747807, at *14 (E.D. Mich. Jan. 25, 2013) (Grand, M.J.) (citation omitted). Also, Plaintiff's arguments that the ALJ failed discuss the evidence related to her chronic back pain

11

and migraines and that he failed to "address the physical impairments whatsoever" are blatantly contradicted by a plain reading of the ALJ's decision, in which he discussed in detail the record evidence regarding Plaintiff's alleged seizures, back pain, facial cancer, migraines, and COPD. (*See* TR 15-18.) And, while Plaintiff argues that "[n]ot a shred of evidence that the claimant has greater functional abilities is cited," Plaintiff fails to cite "a shred of evidence" that she has any functional limitations as a result of her impairments, and she therefore fails to meet her burden in this regard. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003) (noting that the plaintiff bears the burden of proving the existence and severity of limitations caused by her impairments through step four of the sequential evaluation process); *see also, Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999).

Additionally, to the extent that Plaintiff argues that the ALJ should have ordered a consultative physical examination before rejecting Plaintiff's "years of treatment and testimony," Plaintiff's argument fails. An ALJ's duty to conduct a full inquiry for purposes of 20 C.F.R. § 416.1444 "does not require a consultative examination at government expense unless the record establishes that such an examination is *necessary* to enable the administrative law judge to make the disability decision." *Landsaw v. Sec'y of Health & Human Servs*, 803 F.2d 211, 214 (6th Cir. 1986) (quoting *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977)) (emphasis in original). Indeed, the language of § 416.1444 is discretionary and simply grants the ALJ the authority to refer a claimant to a consultative specialist if the existing medical record does not contain sufficient evidence to make a determination. *Id*. (citing 20 C.F.R. § 416.917(a)). The burden of providing a complete record, "defined as evidence complete and detailed enough to enable the Secretary to make a disability determination, rests with the claimant." *Id*. (citing 20 C.F.R. §§ 416.912, 416.913(d)).

Finally, Plaintiff suggests that the ALJ did not consider the combined effects of her physical and mental impairments at step two. (Docket no. 12 at 6.) Plaintiff's argument, however, is belied by the fact that the ALJ specifically noted that he considered Plaintiff's physical and mental impairments, "singly and in combination," yet he determined that there was a "general lack of evidence to support finding that any of [Plaintiff's] impairments result in more than minimal vocational limitations." (TR 18.) Also, Plaintiff does not cite any evidence showing how a combination of complaints or reported symptoms would alter the ALJ's decision. Accordingly, Plaintiff's argument in this regard should be rejected.

Based on the discussion and analysis above, the undersigned concludes that the ALJ's decision that Plaintiff's impairments are not "severe" is consistent with and supported by substantial record evidence, and it should be affirmed.

## VI. CONCLUSION

For the reasons stated herein, the court should **DENY** Plaintiff's Motion for Summary Judgment (docket no. 12) and **GRANT** Defendant's Motion for Summary Judgment (docket no. 13).

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with

specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: August 23, 2017	s/ Mona K. Majzoub
	MONA K. MAJZOUB
	UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: August 23, 2017	s/ Leanne Hosking
	Case Manager Generalist